THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY EVANS, Respondent

"A Trial Judge who has rendered a guilty verdict after a nonjury trial has neither inherent power nor statutory authority to reconsider his factual determination. Although he may correct clerical or ministerial errors, he is without authority to reassess the facts and change a guilty verdict to not guilty" *(People v Carter,* 63 NY2d 530, 533). A conviction may be set aside under CPL 330.30 (1) only if it was "based upon insufficient evidence or evidence which as a matter of law was inadequate to prove guilt beyond a reasonable doubt" *(People v Carter, supra,* at p 537).

In the case at bar, the complainant identified the defendant at trial as one of the three men who robbed him. This testimony was not incredible as a matter of law, and if believed, would constitute sufficient evidence to support the defendant's conviction beyond a reasonable doubt. The trial court erred, therefore, in purporting to set aside the verdict,

*sua sponte,* and the case must be remitted for sentencing *(see, People v Carter, supra).* Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.