■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED JONES, Appellant.—Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered June 30, 1987, which convicted the defendant, after a jury trial, of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20) and sentenced him to an indeterminate term of from 2 to 4 years' imprisonment, unanimously affirmed.

Contrary to defendant's assertions, defendant's guilt of attempted burglary in the third degree was established beyond a reasonable doubt. At approximately 11:30 A.M. on Saturday, June 22, 1985, security guard George Orlik observed the defendant standing in a deserted hallway on the eighth floor of an office building located at 498 Seventh Avenue, pulling vigorously on the locked door handle of a wholesale apparel business. That the store was closed was readily apparent from the darkened premises visible through its window.

Defendant was carrying a partially opened gym bag in which Orlik could see a screwdriver, and which was later discovered to contain another screwdriver and a crowbar. Also in defendant's possession were two empty garment bags. Further evidence of defendant's intent to effect an unlawful entry was his failure to sign the logbook in the lobby of the building, and his response, when Orlik arrived and questioned his presence, that he was in the building to visit someone at another business establishment, which was also closed on that morning, and which was located on another floor. This evidence was sufficient to establish defendant's guilt beyond a reasonable doubt. *(See, People v Leichtweis,* 59 AD2d 383.)

Equally devoid of merit is defendant's contention that the trial court deprived him of his due process right to a fair trial by permitting prosecution witness William Mack to testify that, on at least two prior occasions, he had encountered and escorted defendant from the premises. This testimony was admissible to show that the defendant was, in fact, familiar with the premises, and that his attempt to enter the closed eighth-floor store was not the result of a mistake, as he had stated to Orlik. *(See, People v Molineux,* 168 NY 264.)

Finally, defendant's contention that the trial court denied him a fair trial by failing to deliver a limiting instruction with respect to William Mack's testimony was not preserved as a matter of law for appellate review (CPL 470.05 [2]), and we decline to reach it in the interest of justice. Concur— Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.