■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH O. LAND, Appellant. [604 NYS2d 146] —Appeals by the defendant from two amended judgments of the County Court, Nassau County (Lipp, J.), both rendered December 22, 1987, convicting him of burglary in the first degree (four counts), robbery in the first degree (four counts), assault in the first degree (two counts), and criminal possession of a weapon in the third degree (two counts), under Indictment No. 62058, upon a jury verdict, and robbery in the first degree, under Indictment No. 62057, upon his plea of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion pursuant to Indictment Nos. 62057 and 62058 which was to suppress statements made by him to the police.

Ordered that the amended judgments are affirmed.

The County Court properly denied the defendant's motion to suppress his statements as the fruits of a warrantless arrest which he contends was illegal because it was made within the curtilage of his home. The evidence established that the defendant was arrested on his stoop, outside his front door. The defendant was beyond the threshold of his residence and therefore the warrantless arrest was lawful *(see, Payton v New York,* 445 US 573). The police conduct in following the defendant into his home was also proper since it is well settled that

a suspect may not thwart an otherwise proper arrest by retreating into his residence *(see, United States v Santana,* 427 US 38).

The defendant's remaining contentions are also without merit. The defendant's motion to set aside the verdict as against the weight of the evidence, pursuant to CPL 330.30 was properly denied. The weight of the evidence is a question of fact, and the trial court may set aside a verdict under CPL 330.30 only where there is a ground which, if raised in an appeal, would require reversal or modification as a matter of law *(see, People v Carter,* 63 NY2d 530). The defendant's motion for a trial order of dismissal was also properly denied. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]). Eiber, J. P., O'Brien, Santucci and Joy, JJ., concur.