■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CATHERINE CARMODY, Respondent. [609 NYS2d 670] —Appeal by the People from an order of the County Court, Nassau County (Baker, J.), dated August 13, 1993, which set aside, *sua sponte,* the defendant's conviction for leaving the scene of an incident without reporting, after a nonjury trial, and dismissed the indictment.

Ordered that the order is reversed, on the law, the indictment and conviction are reinstated, and the matter is remitted to the County Court, Nassau County, for sentencing.

"A Trial Judge who has rendered a guilty verdict after a nonjury trial has neither inherent power nor statutory authority to reconsider his factual determination [and] [a]lthough he may correct clerical or ministerial errors, he is without authority to reassess the facts and change a guilty verdict to not guilty" *(People v Carter,* 63 NY2d 530, 533). A conviction may be set aside under CPL 330.30 (1) only if it was "based upon insufficient evidence or evidence which as a matter of law was inadequate to prove guilt beyond a reasonable doubt" *(People v Carter, supra,* at 537; *see also, People v Colon,* 65 NY2d 888; *People v Land,* 198 AD2d 438; *People v Bruce,* 162 AD2d 604). A conviction may be grounded in evidence that is, as in the present case, largely circumstantial *(see, People v Alam,* 180 AD2d 689).

Viewing the evidence in the light most favorable to the People *(see, People v Carter,* 63 NY2d 530, *supra; People v Contes,* 60 NY2d 620; *People v Land,* 198 AD2d 438, *supra),* we find there is legally sufficient evidence to establish the defendant's guilt beyond a reasonable doubt. Thus, the trial court erred in setting aside the verdict *sua sponte.* Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.