■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v POORAN MAHARAJ, Appellant. [640 NYS2d 516] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered June 7, 1994, convicting defendant, after a nonjury trial, of operating a motor vehicle while under the influence of alcohol, and sentencing him to a term of 5 years probation and a $1,000 fine, unanimously affirmed.

The testimony of the arresting officers that they observed an open bottle of vodka on the dashboard, that defendant's eyes were bloodshot and watery, his balance unsteady, his speech slurred, and his breath smelled of alcohol, that defendant was driving very slowly given the light traffic and no signals against him, and that defendant admitted he had been drinking was legally sufficient to support the court's determination convicting defendant of driving while intoxicated under the common-law standard of Vehicle and Traffic Law § 1192 (3) (*see, People v DeMarasse*, 85 NY2d 842, 845; *People v Miller*, 199 AD2d 692, 695, *lv denied* 82 NY2d 928). Issues raised by defendant concerning his condition, including those that arose from testimony concerning the breathalyzer test administered to him, were properly placed before the court, and we see no reason to disturb its determination. The court's initial error in

convicting defendant under both Vehicle and Traffic Law § 1192 (3), and the lesser included "impaired" offense under Vehicle and Traffic Law § 1192 (1) was corrected at the sentencing, and since this was a nonjury trial, there is no basis for assigning prejudice to the court's initial failure to consider the latter offense as a lesser included offense. Concur—Sullivan, J. P., Ellerin, Rubin and Mazzarelli, JJ.