OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and a new trial ordered on count two of the indictment.
 

 Defendant was indicted for driving on a public highway with a blood alcohol level of .10 of one percentum or greater in contravention of the per se limit set forth in Vehicle and Traffic Law § 1192 (2) (count one or the per se statutory count) and driving on a public highway while intoxicated, as that term has been defined in the common law, in violation of Vehicle and Traffic Law § 1192 (3) (count two or the common-law count), and proceeded to trial before a Judge, having waived his right to a jury trial. After summations, defendant’s counsel requested that the court consider driving while impaired (Vehicle and Traffic Law § 1192 [1]) as a lesser included offense of driving while intoxicated as charged under the common-law count. The People objected on the mistaken belief that driving while impaired would be a lesser included offense of the per se statutory count, not the common-law count. The court adopted the People’s misguided position and considered driving while impaired as a lesser included offense under count one, not count two, as defendant requested.
 

 The court found defendant not guilty of per se statutory intoxication but guilty of the lesser included offense of driving while impaired under count one of the indictment and guilty of the common-law count as a felony. Defendant moved by formal motion to set aside the verdict, arguing that the trial
 
 *999
 
 court erred in considering driving while impaired as a lesser included offense under the per se statutory count (Vehicle and Traffic Law § 1192 [2]), rather than under common-law intoxication (Vehicle and Traffic Law § 1192 [3]).
 

 On the sentencing date, the court heard argument on the motion. The People conceded that the court erroneously considered driving while impaired as the lesser included offense under the per se statutory count, but nonetheless argued that since the case was nonjury, defendant suffered no prejudice. The court then dismissed defendant’s conviction for driving while impaired under count one and upheld the guilty verdict under count two, stating that defendant was not prejudiced by its error in considering the lesser included offense of per se statutory intoxication because the conviction stemmed from a nonjury trial. The Appellate Division affirmed, rejecting defendant’s claim of prejudice arising from the trial court’s failure to consider the lesser included offense under the common-law intoxication count since the court corrected its error at sentencing
 
 (see, People v Maharaj,
 
 226 AD2d 171).
 

 Defendant was entitled to the court’s consideration of the lesser included offense under the common-law count as he requested, and the court’s misapprehension and failure to do so constitutes reversible error
 
 (see, People v Glover,
 
 57 NY2d 61, 63-64). Simply because the court was acting as both fact finder and Judge of the law does not allow for a result different from that dictated when a court presiding over a jury trial erroneously refuses to submit a lesser included offense to the jury.
 

 The court’s attempt to rectify this kind of error at sentencing comes too late and exceeds the scope of its authority
 
 (see,
 
 CPL 320.20 [4];
 
 People v Carter,
 
 63 NY2d 530, 538;
 
 People v Colon,
 
 65 NY2d 888, 890;
 
 People v Ford,
 
 62 NY2d 275;
 
 cf., People v Boettcher,
 
 69 NY2d 174, 180). After formal rendition of a verdict at a bench trial, a trial court lacks authority to reweigh the factual evidence and reconsider the verdict
 
 (see, People v Carter, supra,
 
 63 NY2d, at 538-539;
 
 People v Goodfriend,
 
 64 NY2d 695, 697;
 
 People v Ventura,
 
 66 NY2d 693, 694-695; cf
 
 .,
 
 CPL 330.30 [1],
 
 People v Alfaro,
 
 66 NY2d 985, 987).
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur in memorandum.
 

 Order reversed, etc.