OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
*598 A review of the record on appeal indicates that it is clear that the trial court used the incorrect legal standard to convict defendant of violating Vehicle and Traffic Law § 1192 (3). In April 1998, defendant moved to set aside the verdict díte in part to this error and the trial court reconsidered the evidence, applied the proper standard and sustained its verdict.
Several Court of Appeals cases stand for the general proposition that a trial court may not reconsider evidence after rendering its verdict. In People v Carter (63 NY2d 530, 533), the Court held that a “Trial Judge who has rendered a guilty verdict after a nonjury trial has neither inherent power nor statutory authority, to reconsider his factual determination.” In People v Maharaj (89 NY2d 997, 999), the Court held that after “formal rendition of a verdict at a bench trial, a trial court lacks authority to reweigh the factual evidence and reconsider the verdict.” In both of these cases the defendants made CPL 330.30 motions to set aside the verdicts prior to sentencing. The Courts then reconsidered the evidence and subsequently set aside the verdict in contravention of CPL 330.30 (1) which states that a verdict may be modified or set aside upon “[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court.” Since CPL 330.30 (1) permits a Trial Judge, insofar as relevant herein, to set aside the verdict only as a matter of law, it thereby limits the court’s determination to whether the trial evidence was legally sufficient to establish the defendant’s guilt.
In the case at bar, after defendant moved to set aside the verdict, the trial court reconsidered the evidence and adhered to its verdict. Since the verdict was sustained and not set aside, the holdings in Maharaj (supra) and Carter (supra) have no application because CPL 330.30 (1) has not been contravened.
Moreover, a review of the trial testimony clearly indicates that defendant was not given his driving while intoxicated refusal warnings until he was at the police station and his attorney was not allowed to see him while he was at the station. Defendant, however, did not raise this issue at the suppression hearing and his summation request that his refusal be suppressed and no adverse inference drawn therefrom was untimely.
DiPaola, P. J., Ingrassia and Floyd, JJ., concur.