■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD D. HISSIN, Appellant. [699 NYS2d 773] —Mugglin, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered April 15, 1998, convicting defendant following a nonjury trial of the crime of attempted burglary in the second degree.

Following a nonjury trial on an indictment charging two counts of burglary in the second degree, defendant was found guilty of the lesser included offense of attempted burglary in the second degree under the second count. Defendant was sentenced to a five-year determinate prison term as a second violent felony offender. Following the entry of the judgment of conviction, defendant moved to vacate the conviction pursuant to CPL 330.30 arguing, in essence, that defendant could not be guilty of attempted burglary in the second degree as a matter of law since he did not engage in conduct tending to effect the commission of the crime charged.

We affirm. Defendant contends that he is not guilty of attempted burglary in the second degree since, despite forming the requisite intent to commit the crime, he did not engage in any conduct which tended to effect the commission of that crime. The record reveals that on April 11, 1997, after defendant and his two companions had consumed all the beer in their possession, defendant advised that he knew where he could get some money. The three went to an apartment that defendant formerly occupied, but upon trying the door and finding it locked, defendant left to purchase some cigarettes. When he returned to the vicinity of the apartment he encountered his companions, one of whom was carrying a VCR under his coat. Defendant contends that his attempt to open the locked door does not constitute sufficient evidence of conduct tending to effect the commission of the crime. "A person is guilty of an attempt to commit a crime when, with intent to

commit a crime, he engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00; *see, People v Warren*, 66 NY2d 831, 832; *People v Mann*, 216 AD2d 796, *lv denied* 86 NY2d 797). Since defendant admittedly went to the apartment for the purpose of stealing, his attempt to enter the apartment through the locked door is conduct tending to effect the commission of the crime since "defendant committed an act or acts that carried the project forward within dangerous proximity to the criminal end to be attained" (*People v Warren, supra,* at 832). Had the door been open, the crime would have been completed and, accordingly, the act of attempting to open the locked door amounted to conduct which carried the project forward within dangerous proximity to the criminal end to be attained (*see, People v Warren, supra; People v Sanchez*, 209 AD2d 265, *lv denied* 85 NY2d 866; *People v Jones*, 159 AD2d 246; *People v Briggs*, 111 AD2d 340).

Finally, there is no merit to defendant's contention that County Court abused its discretion in denying his motion to vacate the conviction pursuant to CPL 330.30. The Court of Appeals has held that "[a]fter formal rendition of a verdict at a bench trial, a trial court lacks authority to reweigh the factual evidence and reconsider the verdict" (*People v Maharaj*, 89 NY2d 997, 999; *see, People v Carter*, 63 NY2d 530, 533). Accordingly, since County Court lacked authority to vacate the conviction, denial of defendant's motion was proper.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.