OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Term should be modified by vacating the conviction for driving while intoxicated and remitting to City Court for further proceedings in accordance with this memorandum, and, as so modified, affirmed.
 

 Defendant was convicted after a bench trial of violating Vehicle and Traffic Law § 1192 (3) and § 1194 (1) (b). In reaching a verdict on the section 1192 (3) charge, the Trial Judge applied a definition of intoxication which improperly lowered the prosecution’s burden of proof
 
 (see, People v Cruz,
 
 48 NY2d 419;
 
 cf., People v Ardila,
 
 85 NY2d 846). Upon defendant’s motion to set aside the verdict, the Judge reconsidered the evidence in light of the
 
 Cruz
 
 definition of intoxication and again found defendant guilty. The Appellate Term affirmed.
 

 The Court’s reconsideration of its verdict under a different standard constituted a factual determination that “comes too late and exceeds the scope of [the court’s] authority”
 
 (People v Maharaj,
 
 89 NY2d 997, 999;
 
 People v Carter,
 
 63 NY2d 530). To allow the second verdict to stand would permit the Trial Judge to engage in postverdict fact finding that would not be possible in a jury trial, thereby according “less finality to the verdict of a Trial Judge when sitting as [the trier of fact] than to a jury verdict”
 
 (People v Carter, supra,
 
 at 539;
 
 see also,
 
 CPL 320.20 [4]). Accordingly, defendant’s conviction for driving while intoxicated should be vacated and a new trial held on that charge.
 

 Defendant’s remaining contention lacks merit.
 

 
 *911
 
 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur; Judge Rosenblatt taking no part.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified and case remitted to Poughkeepsie City Court, Dutchess County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.