■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD E. BARKER, Appellant. [748 NYS2d 633] —Appeal from a judgment of Erie County Court (McCarthy, J.), entered March 7, 2000, convicting defendant after a jury trial of, inter alia, attempted burglary in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of attempted burglary in the first degree (Penal Law §§ 110.00, 140.30 [2], [3]) and other crimes. He was acquitted of two counts of burglary in the first degree (§ 140.30 [2], [3]). Contrary to the contention of defendant, County Court properly denied his motion for a trial order of dismissal (*see* CPL 290.10 [1]; *see generally People v Bleakley,* 69 NY2d 490, 495). With respect to the conviction of attempted burglary in the first degree, defendant's attempt to enter the apartment forcibly through the locked door while threatening to kill the occupants and assaulting one of them with a dangerous instrument "is conduct tending to effect the commission of the crime since 'defendant committed an act or acts that carried the project forward within dangerous proximity to the criminal end to be attained'" (*People v Hissin,* 267 AD2d 599, 600, *lv denied* 94 NY2d 921).

Defendant's contentions that the court erred in failing to

charge the defense of justification (Penal Law § 35.15) and further erred in failing to charge criminal mischief in the fourth degree (§ 145.00 [3]) as a lesser included offense of criminal mischief in the third degree (§ 145.05) are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Defendant's further contentions with respect to the jury charge are without merit. Finally, the sentence is not unduly harsh or severe. Present—Wisner, J.P., Hurlbutt, Scudder and Kehoe, JJ.