■ In the Matter of FRANCIS D. PHILLIPS II, Appellant, v GREGORY L. WIEBOLDT, a Justice of the Greenville Town Court, et al., Respondents. [835 NYS2d 417]—

In a proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit Gregory L. Wieboldt, a Justice of the Town Court, Town of Greenville, from enforcing a judgment rendered October 6, 2005, in a criminal action entitled *People v Harkins*, prosecuted in that court under case No. 04100062, convicting Douglas F. Harkins of driving while ability impaired in violation of Vehicle and Traffic Law § 1192 (1), and in the nature of mandamus, inter alia, to compel Gregory L. Wieboldt to enter judgment convicting Douglas F. Harkins of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), and to impose sentence thereon, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Orange County (Horowitz, J.), dated April 4, 2006, as denied the petition and dismissed the proceeding.

Ordered that judgment dated April 4, 2006 is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is granted, enforcement of the judgment rendered October 6, 2005, in the criminal action entitled *People v Harkins*,

prosecuted in the Town Court, Town of Greenville, under case No. 04100062, convicting Douglas F. Harkins of driving while ability impaired in violation of Vehicle and Traffic Law § 1192 (1), is prohibited, and Gregory L. Wieboldt is directed to vacate the judgment rendered October 6, 2005, enter judgment convicting Douglas F. Harkins of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), and impose sentence thereon.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]).

It is undisputed that Gregory L. Wieboldt, a Justice of the Town Court, Town of Greenville, found Douglas F. Harkins guilty of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3). A few minutes later, during colloquy prior to sentencing, Justice Wieboldt indicated that he reweighed the factual evidence and found that Harkins was not guilty of violating Vehicle and Traffic Law § 1192 (3), but guilty of the lesser-included offense of driving while ability impaired under Vehicle and Traffic Law § 1192 (1).

The petitioner, Francis D. Phillips II, the District Attorney of Orange County, commenced this CPLR article 78 proceeding, alleging, inter alia, that Justice Wieboldt acted in excess of his authorized powers. The Supreme Court denied the petition on the ground that the challenged error was a mere "irregularity" which occurred "scant minutes" after Justice Wieboldt indicated that Harkins would be found guilty of violating Vehicle and Traffic Law § 1192 (3). We disagree.

"A Trial Judge who has rendered a guilty verdict after a nonjury trial has neither inherent power nor statutory authority to reconsider his [or her] factual determination. Although he [or she] may correct clerical or ministerial errors, he [or she] is without authority to reassess the facts and change a guilty verdict to not guilty" (*People v Carter*, 63 NY2d 530, 533 [1984]; *see People v Maharaj*, 89 NY2d 997, 999 [1997]; *People v Evans*, 124 AD2d 745 [1986]). The term "verdict" is defined as "the announcement . . . by the court in the case of a non-jury trial,

of its decision upon the defendant's guilt or innocence of the charges . . . considered by it" (CPL 1.20 [12]).

Justice Wieboldt's reconsideration of his verdict "constituted a factual determination that 'comes too late and exceeds the scope of [his] authority' " (*People v Cunningham*, 95 NY2d 909, 910 [2000], quoting *People v Maharaj, supra* at 999). Accordingly, the Supreme Court should have granted the petition. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.