■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE NELSON, Appellant. [881 NYS2d 94]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered March 5, 2008, convicting defendant, after a jury trial, of aggravated criminal contempt (three counts) and criminal mischief in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 9 to 18 years, unanimously affirmed.

Defendant's expression of dissatisfaction with his counsel was insufficient to obligate the court to conduct the inquiry called for in *People v Sides* (75 NY2d 822 [1990]). In the first place, defendant did not explicitly ask for a new lawyer at any point in the proceeding at issue or thereafter. Instead, defendant addressed his remarks directly to the attorney, and simply grumbled as follows: "Look at how you treat me. Of course. There's a conflict of interest. Look how you talk to me." Furthermore, to the extent these remarks could be construed as a request for assignment of new counsel, defendant's vague, eve-of-trial grievance was not a serious complaint about counsel's performance warranting a further inquiry (*see People v Linares*, 2 NY3d 507, 510 [2004]; *People v Sides*, 75 NY2d at 824-825; *People v Reed*, 35 AD3d 194 [2006], *lv denied* 8 NY3d 926 [2007]).

Defendant did not preserve his claim that the court replaced a sworn juror without establishing that the juror could not remain impartial (*see People v Hicks*, 6 NY3d 737, 739 [2005]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. After being sworn, the juror realized that defendant was a former coworker, and he unequivocally told the court he had a resultant "problem" or "difficulty" serving as a juror. The juror demonstrated that he had a state of mind that was inconsistent with serving as an impartial juror, and no further inquiry was necessary (*see People v Buford*, 69 NY2d 290, 298 [1987]).

We perceive no basis for reducing defendant's sentence in the interest of justice. We have considered and rejected defendant's remaining claims relating to his sentence. Concur—Gonzalez, P.J., Sweeny, Buckley, Renwick and Freedman, JJ.