■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AYISHA DOBSON, Respondent. [25 NYS3d 313]—

Appeal by the People from an order of the Supreme Court, Kings County (Gary, J.), dated October 6, 2014, which set aside a verdict convicting the defendant of vehicular manslaughter in the second degree under count two of the indictment, after a nonjury trial, and, thereupon, granted that branch of the defendant's motion which was pursuant to CPL 290.10 to dismiss that count of the indictment.

Ordered that the order is reversed, on the law, that branch of the defendant's motion which was pursuant to CPL 290.10 to dismiss count two of the indictment is denied, that count of the indictment and the verdict of guilt thereon are reinstated, and the matter is remitted to the Supreme Court, Kings County, for sentencing on count two of the indictment.

After a car operated by the defendant was involved in a single-car motor vehicle accident, the defendant was charged with, inter alia, vehicular manslaughter in the second degree. At the close of the evidence at a nonjury trial, the defendant moved for a trial order of dismissal and the trial court reserved decision on the branch of the motion which was to dismiss count two of the indictment. At the conclusion of the trial, the court stated that it found the defendant guilty on count two of the indictment but, immediately thereafter, stated that it nevertheless was granting that branch of the defendant's motion which was to dismiss that count. The court then discussed the weight of the evidence with respect to count two of the indictment and found that there was a reasonable doubt regarding the defendant's guilt as to that count. The People appeal.

"A Trial Judge who has rendered a guilty verdict after a nonjury trial has neither inherent power nor statutory authority to reconsider his [or her] factual determination. Although he [or she] may correct clerical or ministerial errors, he [or she] is without authority to reassess the facts and change a

guilty verdict to not guilty" (*People v Carter*, 63 NY2d 530, 533 [1984]; *see Matter of Phillips v Wieboldt*, 40 AD3d 650, 651 [2007]). "After formal rendition of a verdict at a bench trial, a trial court lacks authority to reweigh the factual evidence and reconsider the verdict" (*People v Maharaj*, 89 NY2d 997, 999, citing *People v Carter*, 63 NY2d at 538-539 [1997]; *see People v Hissin*, 267 AD2d 599, 600 [1999]). "The term 'verdict' is defined as 'the announcement . . . by the court in the case of a non-jury trial, of its decision upon the defendant's guilt or innocence of the charges . . . considered by it' " (*Matter of Phillips v Wieboldt*, 40 AD3d at 651-652, quoting CPL 1.20 [12]). Thus, "[t]rial judges are prohibited from setting aside a verdict as against the weight of the evidence. This power is reserved to the Appellate Division, which essentially sits as a thirteenth juror" (*People v Hampton*, 21 NY3d 277, 287 [2013] [citation omitted]; *see People v Cunningham*, 95 NY2d 909, 910 [2000], *amended* 95 NY2d 949 [2000]).

In *Carter*, the Court of Appeals held that, in a nonjury trial, where a defendant has moved pursuant to CPL 330.30 to set aside the verdict, the court may not change its verdict based upon a reconsideration of its factual determination, but is limited to the ground of legal sufficiency (*see People v Carter*, 63 NY2d at 536). "Questions of quality or the weight to be given to the proof are not to be considered" in reviewing the evidence for legal sufficiency (*People v Hampton*, 21 NY3d at 287; *see People v Maharaj*, 89 NY2d at 999; *People v Hissin*, 267 AD2d at 600).

Here, the defendant moved pursuant to CPL 290.10, at the close of evidence, for a trial order of dismissal, and the court reserved decision, as permitted by CPL 290.10 (1) (b), until after the verdict was rendered. We conclude that, where a defendant has moved for a trial order of dismissal pursuant to CPL 290.10 and the court has held all or part of that motion in abeyance, a court conducting a nonjury trial likewise may not render a verdict and then reconsider its factual determination; instead, the court must consider the legal sufficiency of the evidence in support of its original verdict (*see People v Carter*, 63 NY2d at 536; *People v Carmody*, 203 AD2d 298 [1994]). Accordingly, in this matter, the Supreme Court's order vacating its verdict of guilty as to count two of the indictment and dismissing that count must be reversed.

Furthermore, we conclude that the evidence supporting the defendant's conviction on count two of the indictment was legally sufficient.

Accordingly, we reverse the order, deny that branch of the

defendant's motion which was pursuant to CPL 290.10 to dismiss count two of the indictment, reinstate that count and the verdict of guilt thereon, and remit the matter to the Supreme Court, Kings County, for sentencing on count two of the indictment. Balkin, J.P., Chambers, Cohen and Maltese, JJ., concur.