■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL AGOLA, Appellant. [32 NYS3d 133]—

Judgment, Supreme Court, New York County (Laura A. Ward, J., at first request for new counsel; Larry Stephen, J., at second request for new counsel; A. Kirke Bartley, Jr., J., at third request for new counsel, nonjury trial and sentencing), rendered September 27, 2013, convicting defendant of attempted robbery in the first degree, criminal possession of a weapon in the third degree and attempted assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of seven years, unanimously modified, on the law, to vacate the conviction of attempted robbery in the first degree, and dismiss the first count of the indictment with leave to re-present any appropriate charges to the grand jury, and otherwise affirmed.

Criminal Procedure Law § 320.20 (5) states, in pertinent part, that, in a nonjury trial, "[b]efore considering a multiple count indictment for the purpose of rendering a verdict thereon, and before the summations if there be any, the court *must* designate and state upon the record the counts upon which it will render a verdict" (emphasis added). Here, there is no dispute that this procedure was not followed. After denying defendant's motion to dismiss the indictment, and prior to summations, the following colloquy took place:

> "THE COURT: . . . Are there any specific charges that you would suggest that I consider with respect to this case before we have our summations? I want to ascertain whether there's anything counsels [sic] wish to direct me to, specifically.
>
> "[ASSISTANT DISTRICT ATTORNEY]: No, Your Honor.
>
> "[DEFENSE COUNSEL]: No, Your Honor.
>
> "THE COURT: All right. We'll move forward, then, to summations."

On May 3, 2013, the trial court rendered its verdict and found defendant not guilty of the first count of the indictment, robbery in the first degree, but stated that it found him guilty of "the lesser included count[,] which I considered, attempted robbery in the first degree." The matter was adjourned for sentencing, and defense counsel stated his intention to file a motion to set aside the verdict, pursuant to CPL 330.30, with respect to the lesser included count that the court had considered without indicating its intent to do so on the record before summations were delivered.

The record indicates that the motion to set aside the verdict was fully briefed in June 2013, and, on September 26, 2013 the parties appeared before the trial court to "re-open summation." At that time, the court acknowledged that it did in fact fail to specifically state on the record before summations that it would consider the lesser included charge. The trial court explained that it believed it was defendant's wish that the lesser included count be considered based on off-the-record conversations during trial and defense counsel's opening statement, wherein he argued that, at best, the court may have been able to find defendant guilty of attempted robbery in the first degree. However, in light of the oversight, the trial court "offered defense counsel the election of reopening summations with respect to the charge of attempted robbery in the first degree."

The court went on to state that it was denying defendant's application for a new trial on the lesser included count, but would allow new summations on that charge, disregard the prior summations and render a new verdict with respect to the lesser included offense. Defense counsel objected, arguing that it would not be appropriate for the trial court to render a second verdict because the case law was clear that the remedy of reopening summations to comply with CPL 320.20 (5) was only available before a verdict is rendered. The People also objected to reopening summations. When the objection was overruled, defense counsel elected to reopen his summation with respect to the lesser included count. Unlike the original summation, which focused on the lack of proof of a completed robbery, the new summation argued that there was not even an attempted robbery. The People elected not to take part in the procedure. The matter was adjourned to the following day to allow the court to consider the new arguments and review the transcript before it rendered a new verdict.

The trial court's failure to comply with CPL 320.20 (5) by not notifying the parties that it intended to consider a lesser included offense until after it rendered the original verdict, constitutes reversible error. "After formal rendition of a verdict at a bench trial, a trial court lacks authority to reweigh the factual evidence and reconsider the verdict" (*People v Maharaj*, 89 NY2d 997, 999 [1997]). Here, it is undisputed that upon defendant's CPL 330.30 motion, the court reopened summations, and rendered a new verdict. Although this Court has previously held that failure to comply with CPL 320.20 (5) constitutes harmless error when the defendant has the opportunity to address the lesser included offenses in a new summation (*see People v Boisseau*, 193 AD2d 517, 517-518 [1st Dept 1993],

*lv denied* 81 NY2d 1070 [1993] [court's error in failing to announce before summations its intention to consider lesser included offenses was rendered harmless by opportunity given defense counsel to begin his summation anew after charge conference]), the same cannot be said here where the trial court attempted to rectify its error only after it rendered the verdict. Moreover, the People's assertion that *Maharaj* is inapplicable here because the trial court did not engage in the prohibited action of reweighing the factual evidence is without merit and belied by the record.

We agree that the double jeopardy clause bars a new trial on the original indictment. The People must secure a new indictment if they wish to pursue further prosecution on the lesser included charge (*People v Mayo*, 48 NY2d 245, 253 [1979]).

We have considered defendant's argument that this matter should be remanded for resentencing on the remaining two counts and reject it on the merits.

Defendant's argument that the motion court (Ward, J.) committed reversible error when it refused to conduct a minimal inquiry before denying his first request for new counsel is unavailing. Although motion courts are "obliged to make some minimal inquiry" when a defendant makes a "serious request [ ]" for new counsel, a court may summarily deny a motion that is clearly baseless (*People v Sides*, 75 NY2d 822, 824-825 [1990]; *see also People v Porto*, 16 NY3d 93, 100-101 [2010]). Before counsel may be replaced, a defendant must demonstrate that "good cause" exists for the substitution (*Porto*, 16 NY3d at 100), which means that there is a genuine conflict of interest, or the defendant and his attorney have some other irreconcilable conflict (*Sides*, 75 NY2d at 824; *see also People v Nelson*, 63 AD3d 563, 563 [1st Dept 2009] ["Defendant's expression of dissatisfaction with his counsel was insufficient to obligate the court to conduct the inquiry called for in *People v Sides*"], *lv denied* 13 NY3d 747 [2009]). Here, the first colloquy was sufficient because the court permitted defendant to state his grievances against counsel, but defendant only complained that he and his counsel did not get along, which did not require any further inquiry (*see People v Reed*, 35 AD3d 194, 195 [1st Dept 2006], *lv denied* 8 NY3d 926 [2007]). In any event, the first colloquy should not be viewed in isolation, because defendant was permitted to renew and/or reargue his application before two subsequent Justices, and these subsequent applications resulted in lengthy inquiries that still yielded no valid basis for substitution of counsel. Concur—Friedman, J.P., Renwick, Saxe and Kapnick, JJ.