■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMAURY JIMINEZ, Appellant. [41 NYS3d 470]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered August 22, 2013, convicting defendant, after a jury trial, of burglary in the second degree (three counts) and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 22 years to life, unanimously affirmed.

Since defendant either "failed to identify the specific legal and factual impediments" to the exclusions asserted by the People (*People v Beasley*, 16 NY3d 289, 292 [2011]), or attempted to do so only in a postverdict motion, which had no preservation effect (*see People v Padro*, 75 NY2d 820 [1990]), his speedy trial arguments are entirely unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no violation of defendant's right to a speedy trial.

The court properly denied defendant's request for the assign-

ment of new counsel for purposes of postverdict proceedings and sentencing. Defendant received a sufficient opportunity to be heard, and he failed to make any serious complaint requiring further inquiry (*see People v Porto*, 16 NY3d 93, 100-101 [2010]; *People v Linares*, 2 NY3d 507, 510-511 [2004]).

. Defendant's pro se challenge to the sufficiency of the evidence is without merit. Defendant's remaining pro se claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. We also reject defendant's pro se ineffective assistance of counsel claims relating to the issues we have found to be unpreserved (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Accordingly, we do not find that any lack of preservation may be excused on the ground of ineffective assistance.

Defendant's challenge to the legality of the use of his 2004 conviction for third-degree weapon possession as a violent predicate felony is unavailing (*see People v Smith*, 27 NY3d 652, 670 [2016]). We perceive no basis for reducing the sentence.

We have considered all other claims, including those raised in the defendant's pro se reply brief, and find them unavailing. Concur—Friedman, J.P., Saxe, Moskowitz, Gische and Kahn, JJ.