■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISSTENA DICKSON, Appellant. [39 NYS3d 132]—

Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered September 18, 2013, convicting defendant, after a jury trial, of two counts of robbery in the first

degree and five counts of robbery in the second degree, and sentencing her to an aggregate term of 9½ years, unanimously affirmed.

Although the court's *Sandoval* ruling was undisputedly erroneous to the extent it permitted the People to elicit defendant's pending charges, defendant was not prejudiced, because the People announced, before completing their case, that they would not pursue that line of impeachment, and the court then gave defendant ample time to consider whether or not she wished to testify. Defendant did not preserve her claim that she had immutably committed herself to a trial strategy that depended on her not testifying, and we decline to review it in the interest of justice. As an alternative holding, we find that defendant has not substantiated this claim. If defendant chose to testify after learning that she would not be questioned about pending charges, that would have been fully compatible with the strategy pursued by her attorney up to that point in the trial.

The court properly admitted portions of telephone calls made by defendant from Rikers Island that were routinely recorded by the Department of Correction (*see People v Johnson*, 27 NY3d 199 [2016]). Defendant did not preserve her claim that she should have received notice that the calls would not only be recorded, but also shared with the prosecutor, nor did she preserve her challenge to the prosecutor's summation, and we decline to review these claims in the interest of justice. As an alternative holding, we find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Acosta, Moskowitz and Gesmer, JJ.