■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TORAIN SIMMONS, Appellant. [43 NYS3d 38]—

Judgment, Supreme Court, New York County (Patricia M. Nuñez, J.), rendered March 12, 2015, convicting defendant, after a jury trial, of burglary in the second degree and petit larceny, and sentencing him to an aggregate term of five years, unanimously affirmed.

The court properly denied defendant's request for a voluntariness charge regarding recorded phone calls he made while incarcerated pending trial. Defendant introduced no evidence that created a factual dispute for the jury to resolve regarding the voluntariness of these calls (*see People v Cefaro*, 23 NY2d 283, 286 [1968]). CPL 60.45 is inapplicable because no public servant, or anyone else, did anything to *obtain* statements from defendant; the role of the Department of Correction was limited to recording the calls and making them available to the prosecutor. Defendant argues that although he received notice that his calls were being recorded, he was not warned that the recorded conversations could be turned over to the prosecution.

However, the lack of such a warning does not constitute coercion, go to the voluntariness of the making of the calls, or warrant the application of doctrines relating to interrogation, which obviously did not occur here. As the Court of Appeals observed in resolving a related right-to-counsel issue, "Defendant was not induced by any promise, or coerced by the Department, to call friends and family and make statements detrimental to his defense" (*People v Johnson*, 27 NY3d 199, 206 [2016]).

After an inquiry that was sufficient under the circumstances, the court properly exercised its discretion in denying defendant's eve-of-trial request for new counsel. The court had granted defendant's similar request to replace his first counsel when the trial was about to begin. When, after working with his second counsel for about three months without complaint, defendant repeated the same request, as the parties were waiting for the prospective jurors to enter the courtroom, the court had a basis to view that request as a delaying tactic rather than a legitimate complaint about counsel (*see People v Linares*, 2 NY3d 507, 511 [2004]). Defendant's argument that the court failed to conduct a minimal inquiry before denying his request is unsupported by the record. The court provided defendant with a full opportunity to air his grievances against counsel, and it specifically asked defendant if he wished to add anything. Defendant's generalized complaints, which were suspiciously similar to his attacks on his first counsel, did not establish good cause for a substitution or require further inquiry (*see e.g. People v Agola*, 139 AD3d 584, 587 [1st Dept 2016]). Concur—Mazzarelli, J.P., Friedman, Acosta, Andrias and Moskowitz, JJ.