■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC GODING, Appellant. [45 NYS3d 444]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered November 1, 2013, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree (two counts) and criminal possession of a weapon in the second degree (two counts), and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility findings. Defendant was linked to the crime by a combination of eyewitness testimony regarding his participation and physical evidence recovered from his bedroom.

The court providently exercised its discretion in denying defendant's challenge for cause. The panelist at issue unequivocally stated that she would be impartial (*see People v Arnold*, 96 NY2d 358, 363 [2001]), and her justifiable annoyance at some of defense counsel's questions did not demonstrate bias against the defense.

Defendant did not preserve his challenge to the court's handling of a juror's midtrial request to speak with the court (*see People v Garay*, 25 NY3d 62, 67 [2015]), and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. Defense counsel consented to the court's initial, private colloquy with the juror, followed by a further inquiry in the presence of defendant and his counsel, and this procedure did not violate any right of defendant under the circumstances.

The court correctly ruled that the People would be able to introduce recorded telephone calls made by defendant while incarcerated in the event that defendant raised a defense that rendered these calls relevant. Defendant did not establish any basis for excluding these calls (*see People v Johnson*, 27 NY3d 199 [2016]; *see also People v Simmons*, 145 AD3d 501 [1st Dept 2016]). Defendant did not preserve his claim that he was entitled to notice that his calls would not only be recorded, but also shared with the prosecutor, and we decline to review it in the interest of justice. As an alternative holding, we find it unavailing (*see People v Dickson*, 143 AD3d 494 [1st Dept 2016]).

Defendant's third-degree weapon possession conviction was properly used as a violent predicate felony (*see People v Smith*, 27 NY3d 652, 670 [2016]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received

effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Concur—Sweeny, J.P., Renwick, Andrias and Gesmer, JJ.