# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**46**
**KA 14-00297**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

           V                              MEMORANDUM AND ORDER

ELIZABETH A. WHITE, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

PATRICK E. SWANSON, DISTRICT ATTORNEY, MAYVILLE (ANDREW M. MOLITOR OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered January 27, 2014. The appeal was held by this Court by order entered December 23, 2015, decision was reserved and the matter was remitted to Chautauqua County Court for further proceedings (134 AD3d 1414). The proceedings were held and completed (Michael M. Mohun, A.J.).

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Chautauqua County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting her, following a nonjury trial, of two counts of driving while intoxicated as class D felonies (Vehicle and Traffic Law §§ 1192 [2], [3]; 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]). At the close of the People's case, defense counsel moved for a trial order of dismissal on the ground that the arresting officers, who were employed by the Town of Ellicott (Town), exceeded their jurisdictional authority when they arrested defendant in the City of Jamestown (City). Defendant also requested that County Court (Ward, J.) take judicial notice of the location of the arrest and the boundaries of the City and Town. The court reserved decision on the motion to allow the parties to make written submissions. The court never ruled on the motion but, before defendant rested and the proof was closed, it issued a written verdict finding defendant guilty of the charges and noting that it had reviewed the parties' submissions.

When the appeal was previously before us, we held the case, reserved decision, and remitted the matter to County Court for a ruling on the motion for a trial order of dismissal "following such further proceedings as may be necessary" (*People v White*, 134 AD3d 1414, 1415). Upon remittal, the court (Mohun, A.J.) denied the motion

and concluded that there was no need to take judicial notice of the location of the arrest or the boundaries of the City and Town. Following those rulings, however, the court did not afford defendant the opportunity to present a defense, notwithstanding that defendant had not rested and the proof was not closed. Contrary to the court's conclusion, the fact that we did not set aside its premature verdict when the appeal was previously before us did not preclude it from considering further proof or making new factual determinations (*cf. People v Cunningham*, 95 NY2d 909, 910; *see generally People v Mitchell*, 144 AD3d 1598, 1600). We therefore hold the case, reserve decision, and remit the matter to County Court to afford defendant the opportunity to present a defense.

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court