The People of the State of New York, Respondent,
against
Patrick Hahn, Appellant.




Stephen N. Preziosi, Esq., for appellant.
Suffolk County District Attorney (Lauren Tan, Esq.), for respondent.
Consolidated
 appeals from (1) judgments of conviction of the District Court of Suffolk County, First District (Karen Kerr, J.), rendered June 11, 2014 as amended April 20, 2015, and (2) by permission, from an order of the same court dated January 20, 2015. The judgments, as amended, convicted defendant, upon jury verdicts, of driving while intoxicated (per se) and driving while intoxicated (common law), respectively, and as a condition of the sentences imposed thereon, required defendant to install an ignition interlock device for an unspecified period. The order denied, without a hearing, defendant's motion pursuant to CPL 440.10 to vacate the judgments of conviction.




ORDERED that the judgments of conviction, as amended, are affirmed; and it is further,
ORDERED that the order is reversed, on the law, and the matter is remitted to the District Court for the People to serve and file a response to defendant's CPL 440.10 motion and for the court to render a new decision thereon setting forth its findings of fact, conclusions of law and the reasons for its determination, in accordance with CPL 440.30 (7).
On May 1, 2009, the People charged defendant, in separate informations, with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), and in simplified traffic informations, with failing to remain in lane (Vehicle and Traffic Law § 1128 [a]) and failing to signal before turning (Vehicle and Traffic Law § 1163 [b]). The first charge is based on a chemical test of defendant's blood alcohol content which produced a reading of .16 of one per centum by weight. Following a combined Dunaway/Huntley hearing, the District Court (Richard I. Horowitz, J.) denied defendant's motions to suppress statements, finding, among other things, that there was probable cause for the stop of defendant's automobile and for his subsequent arrest. After a jury trial, defendant was convicted of the driving while intoxicated offenses and acquitted of the remaining offenses. Defendant's motion to set aside the verdicts (see CPL 330.30) was denied, and, on June [*2]11, 2014, the court (Karen Kerr, J.) sentenced defendant to, among other things, three years' probation, a condition of which required defendant to install an ignition interlock device, the court having determined that Penal Law § 60.21 mandated such a condition, over defendant's objection that the sentences violated the ex post facto laws. Defendant subsequently moved, pro se, to vacate the judgments of conviction (see CPL 440.10) on the grounds that defendant's trial counsel had failed to object to prosecutorial misconduct on cross-examination and summation, failed to move to dismiss the accusatory instruments on statutory and constitutional speedy trial grounds, and failed to report juror misconduct during deliberations. By order dated January 20, 2015, the District Court (Karen Kerr, J.) denied the motion. On April 20, 2015, the District Court (Karen Kerr, J.), having concluded that Penal Law § 60.21 did not apply to defendant, vacated so much of the sentences as directed that defendant install an ignition interlock device, and amended the judgments of conviction by resentencing defendant to the same conditions, as a matter of discretion (see Penal Law § 65.10 [2] [k-1]). Defendant appeals from the judgments as amended and, by permission, from the January 20, 2015 order. 
The judgments of conviction, as amended, are affirmed. Defendant's claims of error based on the prosecutor's questioning of a defense witness regarding his failure to come forward with his exculpatory information until over four years after defendant's arrest and on the prosecutor's summation reference to that failure, are not preserved for appellate review, as defendant failed to object in either instance (see CPL 470.05 [2]; People v Miller, 89 NY2d 1077, 1079 [1997]; People v Hall, 52 AD3d 734, 735 [2008]; People v Marshall, 42 Misc 3d 141[A], 2014 NY Slip Op 50215[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014], affd 26 NY3d 495 [2015]). In any event, there was no error. The prosecutor established a proper foundation for his cross-examination of a defense witness who had first come forward, over four years after the incident, with information that the witness, not defendant, was the operator of defendant's car (see People v Dawson, 50 NY2d 311, 321 n [1980]), and his brief references on summation to the witness's answers were entirely appropriate in that they remained within a prosecutor's entitlement to fair comment on the evidence and the inferences to be drawn therefrom (see People v Ashwal, 39 NY2d 105, 110 [1976]; People v Gomez, 153 AD3d 724, 725 [2017]), and properly responded to defense counsel's summation wherein counsel urged that the witness's testimony exonerated defendant (see People v Galloway, 54 NY2d 396, 399 [1981]; People v Sutton, 151 AD3d 763, 765 [2017]; People v Nanand, 137 AD3d 945, 947 [2016]). Thus, the representation of trial counsel cannot be faulted for his failure to object (see e.g. People v Archer, 82 AD3d 781, 781 [2011]). 
Defendant's claims that he was denied his statutory and constitutional rights to a speedy trial, which are raised for the first time on appeal, are also not preserved for appellate review, as defendant failed to move to dismiss the accusatory instruments on either ground (see People v Jordan, 62 NY2d 825, 826 [1984]; People v Davison, 92 AD3d 691, 692 [2012]). Further, the record submitted pursuant to the appeal from the amended judgments of conviction contains transcripts of only a few of the numerous adjournment proceedings, and as it is defendant's burden to provide a sufficient record to permit appellate review, the merits of the claims are not properly before us (see People v Olivo, 52 NY2d 309, 320 [1981] [it is defendant's burden to prepare a proper record for appellate review of claims of error]; see e.g. People v Card, 107 AD3d 820, 821 [2013]; People v Chander, 140 AD3d 1181, 1183 [2016]; People v Harden, 6 [*3]AD3d 181, 182 [2004]), and by extension, defendant's claim that trial counsel was ineffective in failing to move to dismiss on those grounds. Insofar as the claim of ineffective assistance is based on the failure to request a Mapp hearing, we note that, in light of the facts and legal conclusions stated by Judge Horowitz with respect to the probable cause dimension of the Dunaway hearing (from which defendant raises no issue on appeal), a proceeding formally denominated a Mapp hearing would have had little or no chance of success (see People v Caban, 5 NY3d 143, 152 [2005]; People v Gerald, 153 AD3d 1029, 1031 [2017]).
We do not address defendant's claim regarding the propriety of the sentencing condition that defendant install and maintain an ignition interlock device (see Penal Law § 60.21; cf. Penal Law § 65.10 [2] [k-1]; People v Barkley, 113 AD3d 1002, 1002 [2014]). As defendant's three-year probationary period ended June 11, 2017, the issue is moot, and it does not appear to represent a "recurring issue of public interest which would otherwise escape appellate review" (People v Scott, 56 Misc 3d 135[A], 2017 NY Slip Op 50983[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
The motion pursuant to CPL 330.30 (1) was properly denied. A trial court is not authorized to set aside a verdict as against the weight of the evidence (see People v Hampton, 21 NY3d 277, 287 [2013]; People v Dobson, 136 AD3d 941, 942 [2016]). The remaining claims, being unpreserved for appellate review, also cannot be raised on such a motion (see People v Padro, 75 NY2d 820, 821 [1990]; e.g. People v Jiminez, 143 AD3d 422, 422 [2016]). Insofar as the motion addressed matters concerning the representation of trial counsel that are dehors the record, they were properly raised or were raisable in defendant's motion pursuant to CPL 440.10.
With respect to defendant's appeal from the order denying, without a hearing, defendant's CPL 440.10 motion, which addressed, among other things, trial counsel's failure to make certain motions and to report juror misconduct, we find that the District Court's summary denial of the motion without affording the People an opportunity to submit opposing papers and without a proper determination of the merits thereof (see CPL 440.30 [7]), was improper. Consequently, the order denying the motion must be reversed and the matter remitted to the District Court to afford the People an opportunity to file a response and for a proper determination of the motion's merits.
Accordingly, the judgments of conviction, as amended, are affirmed and the order denying defendant's CPL 440.10 motion is reversed and the matter is remitted to the District Court for the People to serve and file a response to defendant's CPL 440.10 motion and for the court to render a new decision thereon setting forth its findings of fact, conclusions of law and the reasons for its determination, in accordance with CPL 440.30 (7).
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 02, 2017