People v Morris (2024 NY Slip Op 05066)

People v Morris

2024 NY Slip Op 05066

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Singh, J.P., Gesmer, González, Mendez, Rodriguez, JJ. 

Ind. No. 2098/14, 3583/15 Appeal No. 2793-2794 Case No. 2017-599, 2018-292, 2022-03468 

[*1]The People of the State of New York, Respondent,
v
Anthony Morris, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (V. Marika Meis of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sylvia Wertheimer & Malancha Chanda of counsel), for respondent.

Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered May 17, 2016, convicting defendant, after a jury trial, of attempted rape in the first degree and attempted sexual abuse in the first degree, and sentencing him to an aggregate term of 10 years to be followed by 10 years of postrelease supervision, unanimously affirmed. Order, same court (Daniel P. Conviser, J.), entered on or about June 9, 2022, which denied defendant's CPL 440.10 motion to vacate his conviction, unanimously affirmed.
Judgment, same court (Abraham Clott, J.), rendered March 1, 2017, as amended September 19, 2017 and September 22, 2017, convicting defendant, after a jury trial, of, burglary in the second degree as a sexually motivated felony, criminal sexual act in the third degree, and criminal impersonation in the first degree, and sentencing him to an aggregate term of 16 years to be followed by five years of postrelease supervision, to run consecutively to the sentence imposed on the attempted rape and attempted sexual abuse convictions, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis to disturb the jury's credibility determinations. The fact that the jury acquitted defendant of other charges does not warrant a different conclusion (see People v Rayam, 94 NY2d 557, 561-562 [2000]).
The court properly denied defendant's CPL 440.10 motion. Based on the submissions as well as the testimony at the evidentiary hearing conducted on the motion, we conclude that defendant received effective assistance of counsel under state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). At the time of defendant's trial, the use of low copy number (LCN) testing to obtain DNA profiles from small amounts of genetic material and forensic statistical tool (FST) software to calculate likelihood ratios for possible contributors to DNA mixtures was found by almost every court to satisfy the Frye standard (Frye v United States, 293 F 1013 [DC Cir 1923]) of having gained general acceptance in the relevant scientific community (see People v Gonzalez, 155 AD3d 507 [1st Dept 2017], lv denied 30 NY3d 1115 [2018]; People v Megnath, 27 Misc 3d 405 [Sup Ct, Queens County 2010]). Thus, defendant's attorney's failure to make a Frye motion was not ineffective, since at the time of the trial, such a challenge would almost certainly have been rejected based on the existing law (see e.g. People v Nemelc, 161 AD3d 615, 617 [1st Dept 2018], lv denied 32 NY3d 939 [2018]; see alsoPeople v Russell, 216 AD3d 1111, 1112-1113 [2d Dept 2023], lv denied 40 NY3d 999 [2023]). While the Court of Appeals subsequently held that the trial court decisions finding LCN and FST DNA evidence admissible without a Frye hearing were flawed (People v Williams, 35 NY3d 24 [2020]; People v Foster-Bey, 35 [*2]NY3d 959 [2020]), "an attorney is not ineffective for failing to anticipate a change in the law" (People v Lewis, 102 AD3d 505, 506 [1st Dept 2013], affd 23 NY3d 179 [2014]; People v Sanchez, 76 AD3d 122, 130 [1st Dept 2010], lv denied 15 NY3d 855 [2010]). We further find that defendant's other allegations of error by counsel did not constitute ineffective assistance.
The court providently exercised its discretion in denying defendant's request for new counsel (see generally People v Sides, 75 NY2d 822, 824 [1990]). The judges who heard defendant's request gave defendant ample opportunity to air his grievances against counsel, which constituted a suitable inquiry given the lack of substance of his complaints, particularly since they were made on the eve of trial (see People v Colon, 145 AD3d 562 [1st Dept 2016], lv denied 29 NY3d 947 [2017]; People v Agola, 139 AD3d 584, 587 [1st Dept 2016]).
We perceive no basis for reducing the sentences. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024